UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANDY GREEN, et al.,    )<br>                             )<br>     Plaintiffs,               )<br>                             )<br>     v.                         )      Case No. 4:16 CV 1900 CDP<br>                             )<br>GEORGE PAZ, et al.,     )<br>                             )<br>     Defendants.          )| |

## **MEMORANDUM AND ORDER OF TRANSFER**

Article X of Cigna Corporation's bylaws requires that shareholder derivative actions brought on behalf of Cigna, as well as other defined actions, be heard in a Delaware state or federal court. Because this shareholder derivative action brought on behalf of Cigna contains a claim that brings the action within the exclusive jurisdiction of federal court, I will transfer the case to the United States District Court, District of Delaware, under 28 U.S.C. § 1404(a) for all further proceedings.

### **Background**

Plaintiff Randy Green filed this shareholder action in this Court on December 7, 2016, asserting derivative claims on behalf of Express Scripts Holding Company, and alleging that certain Express Scripts directors and officers breached their fiduciary duty with respect to the company's relationship with its largest client, Anthem Inc., and made false and misleading statements and public

disclosures regarding that relationship.  The action was stayed in February 2017 pending a ruling by the Judicial Panel on Multidistrict Litigation.  Upon denial of MDL transfer, the stay remained in effect pending resolution of a related shareholder derivative suit then pending in the Southern District of New York.  The New York action was dismissed without prejudice in May 2018.

In July 2018, plaintiff Clifford Elow filed another shareholder derivative action in this Court on behalf of Express Scripts, raising the same claims against the same directors and officers and alleging the same conduct as Green.  I consolidated the two actions in October 2018.  I continued the stay, however, given the pending acquisition of Express Scripts by Cigna Corporation.

The acquisition closed on December 20, 2018, at which time Express Scripts became a wholly owned subsidiary of Cigna.  Express Scripts shareholders, including the plaintiffs here, received cash and shares of Cigna in exchange for each Express Script share they owned.  Accordingly, the plaintiffs (now former Express Scripts shareholders) became – and continue to be – Cigna shareholders.

Given that the December 2018 merger divested plaintiffs of their stock in Express Scripts, Express Scripts and the individual directors and officers moved to dismiss this action for lack of subject-matter jurisdiction, arguing that plaintiffs no longer had standing to pursue derivative claims on behalf of Express Scripts.  In view of defendants' argument on jurisdiction, I lifted the stay on April 25, 2019,

and put in place a briefing schedule on the motion to dismiss.

On May 10, 2019, plaintiffs Green and Elow filed an Amended Consolidated Shareholder Derivative Complaint on behalf of Cigna and against certain current and/or former directors and officers of Express Scripts, raising claims of breach of fiduciary duty, corporate waste, and violations of Section 10(b) of the Securities Exchange Act of 1934, arising from the conduct alleged in plaintiffs' original derivative complaints. In their amended complaint, plaintiffs claim that defendants' alleged violations of state and federal law occurring from 2014 to April 2016 caused and continue to cause "substantial monetary losses to Express Scripts and now to Cigna, as Express Scripts' successor[.]" (ECF 28 at ¶ 1.)

Cigna moves to dismiss the amended complaint, arguing *inter alia* that its bylaws require that such actions be brought in a Delaware state court. The individual defendants also move to dismiss the amended complaint, joining in Cigna's argument as well as raising additional arguments under Rules 12(b)(6) and 9(b), Federal Rules of Civil Procedure. In response, plaintiffs concede the validity of Cigna's forum-selection bylaw but contend that outright dismissal would be unreasonable in the circumstances of this case. Plaintiffs argue that transfer to the United States District Court for the District of Delaware under 28 U.S.C. § 1404(a) would be appropriate. For the following reasons, I agree with plaintiffs and will transfer this case to the District of Delaware.

## Discussion

Upon the closing of the Express Scripts acquisition on December 20, 2018, Cigna enacted "Restated By-Laws of Cigna Corporation," which included a forum-selection bylaw at Article X:

> **Exclusive Forum**:  Unless the Corporation consents in writing to the selection of an alternative forum, *the sole and exclusive forum for (i) any derivative action or proceeding brought on behalf of the Corporation*, (ii) any action asserting a claim for or based on a breach of a fiduciary duty owed by any current or former director or officer or other employee of the Corporation to the Corporation or the Corporation's stockholders, including a claim alleging the aiding and abetting of such a breach of fiduciary duty, (iii) any action asserting a claim against the Corporation or any current or former director or officer or other employee of the Corporation arising pursuant to any provision of the DGCL [Delaware General Corporation Law] or the Certificate of Incorporation or these By-Laws (as either may be amended from time to time), (iv) any action asserting a claim related to or involving the Corporation that is governed by the internal affairs doctrine, or (v) any action asserting an "internal corporate claim" as that term is defined in Section 115 of the DGCL *shall be a state court within the State of Delaware (or, if no state court located within the State of Delaware has jurisdiction, the federal district court for the District of Delaware)*.

(ECF 38-3, Cigna By-Laws, art. X.)  (Emphasis added.)  Plaintiffs concede that this forum-selection bylaw "is facially valid, applies by its terms to this type of case, and is not the product of fraud."  (ECF 43 at p.5 n.8.)

Defendants move to dismiss all of plaintiffs' claims based on the doctrine of *forum non conveniens*, arguing that both federal law and Delaware law dictate that the forum-selection bylaw be enforced, thereby requiring that plaintiffs' derivative

claims be heard in a Delaware state court. Although plaintiffs do not challenge the validity and nonfraudulent nature of the bylaw, they argue that it would be unreasonable and unjust to apply it retroactively to dismiss an action that was filed several years before its enactment. Instead, plaintiffs argue, transfer to the federal district court for the District of Delaware under 28 U.S.C. § 1404(a) is appropriate under the bylaw, given that Delaware state courts do not have jurisdiction over the federal securities claim raised in this action.

Under the federal doctrine of *forum non conveniens*, a district court has the discretion to dismiss a case over which it has jurisdiction and which lies in a proper venue "when an alternative forum has jurisdiction to hear [a] case, and when trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience," or when "the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems[.]" *American Dredging Co. v. Miller*, 510 U.S. 443, 447-48 (1994) (internal quotation marks and citations omitted). A *forum non conveniens* dismissal "is a determination that the merits should be adjudicated elsewhere." *Sinochem Int'l, Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007). The federal doctrine applies only in cases where the alternative forum is in a foreign country or "perhaps in rare instances where a state or territorial court serves litigational convenience best." *Id.* at 430. Accordingly, "the appropriate

way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013).

Here, Cigna argues that the forum-selection bylaw mandates that actions such as this one must be brought in a Delaware state court, and that I should therefore apply the doctrine of *forum non conveniens* and dismiss the case. Cigna somehow overlooks the bylaw's additional mandate that such an action must be heard in federal court, *i.e.*, the District of Delaware, in the event Delaware state courts do not have jurisdiction over the action. Where there exists another *federal* forum in which an action might have been brought, I may consider transfer of that action to that forum under 28 U.S.C. § 1404(a). "[I]n such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." *Atlantic Marine*, 571 U.S. at 59. Because the circumstances of this case trigger the federal forum prong of Cigna's bylaw, transfer to the United States District Court for the District of Delaware under § 1404(a) is appropriate.

*Delaware State Courts Do Not Have Jurisdiction Over this Action*

In Count 3 of their amended complaint, plaintiffs raise a claim under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b); and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5. Under 15 U.S.C. § 78aa, federal district courts have exclusive jurisdiction over such claims. The Delaware state courts, therefore, do

not have jurisdiction over plaintiffs' federal claim. Arguing that this single federal claim should not negate their right to have the state-law claims heard in a Delaware state court, defendants suggest that I dismiss the state-law claims under the doctrine of *forum non conveniens* and transfer the remaining federal claim to the District of Delaware. Defendants' proposed solution runs afoul of Cigna's forum-selection bylaw.

Cigna's bylaw does not select a forum for discrete "claims" but rather for any "action" that may assert certain claims. And § 1404(a) provides for the transfer of "any civil action," not discrete claims. Accordingly, when a claim arising under the Constitution, laws, and treaties of the United States is brought with state claims derived from a common nucleus of operative facts, the relationship between the federal claim and the state claims "permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

The federal claim and state claims raised in plaintiffs' amended complaint here arise from a common nucleus of operative facts, and the relationship between the federal and state claims gives rise to one case, that is, the entire "action." While federal courts have supplemental jurisdiction over a plaintiff's state law claims if the state claims are a part of the same case or controversy as the plaintiff's federal claims, 28 U.S.C. § 1367, state courts cannot hear matters that

federal law places under the exclusive jurisdiction of the federal courts. *State ex rel. Laughlin v. Bowersox,* 318 S.W.3d 695, 698 (Mo. banc 2010). Because federal district courts have exclusive jurisdiction over Securities Exchange Act claims, a Delaware state court cannot exercise jurisdiction over this action which contains such a claim. Accordingly, no state court located within the State of Delaware has jurisdiction over this "action." Under Cigna's forum-selection bylaw, therefore, the federal district court for the District of Delaware is the proper forum for this case.

*Section 1404(a) Analysis*

In response to defendant Cigna's motion to dismiss, plaintiffs argue that transfer under § 1404(a) is appropriate, rather than dismissal under the doctrine of *forum non conveniens*. Cigna addresses plaintiffs' argument in their reply brief, and the individual defendants have adopted Cigna's argument. Although I may consider transfer under § 1404(a) *sua sponte*, *see Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 972 (8th Cir. 2012), I nevertheless find that defendants were given adequate notice of potential transfer and were afforded sufficient opportunity to address the issue.

As discussed above, § 1404(a) is the appropriate provision to enforce Cigna's forum-selection bylaw in this shareholder derivative action. Generally, § 1404(a) requires me to consider the convenience of the parties and witnesses, and

the interest of justice, in determining whether to transfer a civil action to another district where the action might have been brought. The presence of a valid forum-selection clause, however, requires me to adjust this analysis. *See Atlantic Marine*, 571 U.S. at 63. When faced with a valid forum-selection clause, I should give controlling weight to the clause and transfer the case to the forum specified. *Id.* at 62. "Only under extraordinary circumstances unrelated to the convenience of the parties" should transfer under § 1404(a) be denied. *Id.* No extraordinary circumstances are present here.

First, the plaintiffs' initial choice of forum in the circumstances of this case merits little weight. While plaintiffs' filing of their amended complaint in this Court evinces their desire to remain in this Court, they nevertheless request transfer to the District of Delaware, conceding the validity of the forum-selection bylaw and its application to actions of this type.

Second, given the validity of the forum-selection bylaw, I need not consider the parties' private interests and must deem the private-interest factor to weigh entirely in favor of the selected forum. *Atlantic Marine*, 571 U.S. at 64.

Finally, consideration of the public interest supports transfer to the District of Delaware. The public interest factors include: a) administrative difficulties flowing from court congestion; b) local interest in having localized controversies decided at home; c) interest in having the trial in a forum that is at home with the

law that must govern the action; d) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and e) the unfairness of burdening citizens in an unrelated forum with jury duty. *Piper Aircraft Co. v. Reyno*, 434 U.S. 235, 241 n. 6 (1981).

There is no indication that there is any congestion in Delaware's federal court that would prohibit the timely consideration of this matter. As to the second factor, there may be some local interest in this controversy, since Express Scripts' executive offices are in this district and the offensive conduct is alleged to have been committed by former Express Scripts directors and officers. However, because the issues in this case relate to stockholders from many different places, this factor weighs only slightly in favor of retention. The third and fourth factors relating to familiarity with and application of the relevant law are neutral. This Court and the Delaware court are equally able to interpret and apply the applicable law. The final factor is whether it is unfair to burden citizens in an unrelated forum with jury service. As Cigna is a Delaware corporation, Delaware has a strong connection to this case and is not considered an "unrelated" forum. Its citizens will not be burdened with jury service.

When taken together, these factors support the bylaw's mandate that the District of Delaware is the proper forum for this shareholder derivative action over which the Delaware state courts lack jurisdiction. I will therefore enforce the

forum-selection bylaw and transfer this action to the United District Court for the District of Delaware. The additional grounds for dismissal raised in defendants' motions to dismiss are reserved for ruling by that court.

Because application of Cigna's forum-selection bylaw in the circumstances of this case permits me to transfer the action to the federal district court in Delaware, I need not address plaintiffs' argument that, under *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), dismissal of the case outright under the forum-selection bylaw would be unreasonable and unjust.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Cigna Corporation's motion to dismiss under the doctrine of *forum non conveniens* is denied. In all other respects, defendant Cigna Corporation's motion to dismiss and the individual defendants' motion to dismiss are reserved for ruling by the Delaware federal court.

**IT IS FURTHER ORDERED** that this action is transferred under 28 U.S.C. §1404(a) to the United States District Court for the District of Delaware.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of February, 2020.